AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

FILED
JUL 16 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 3:19mj95 |
| ROGER LEE WIGGINS | ) | UNDER SEAL |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   June 19, 2019   in the county of   Richmond   in the
  Eastern   District of   Virginia  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a)(1) | Distribution of Heroin |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Anthony B. Newton, Special Agent, ATF
Printed name and title

Sworn to before me and signed in my presence.

Date: 07/16/2019

/S/ David J. Novak
United States Magistrate Judge
Judge's signature

City and state:   Richmond, Virginia

Hon. David J. Novak, US Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROGER LEE WIGGINS,<br><br>Defendant. | Case No. 3:19-mj-95<br><br>**Under Seal** |

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Anthony Brock Newton, depose and state as follows:

### INTRODUCTION

1. I have been a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since 2015. Prior to my appointment with the ATF, I was a police officer for approximately 6 years. I am assigned to the ATF Richmond Group III Field Office. In my capacity as a law enforcement officer, I have investigated individuals for the illegal possession and use of firearms, illegal possession and distribution of controlled substances, and for committing violent crimes. Many of these investigations involved the execution of search warrants, and led to the arrest and conviction of individuals for violations of state and federal firearms and drug trafficking laws. I also have experience in searching electronic devices for evidence related to these narcotics and firearms investigations.

2. This affidavit is being submitted in support of a criminal complaint charging ROGER LEE WIGGINS with distribution of heroin, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The information contained in this affidavit is based on my personal knowledge and observations, the knowledge and observations of a Confidential Informant (CI) or information

relayed to me by other law enforcement officers. Information and intelligence provided in the investigation by confidential informants has been proven to be reliable, and when possible has been verified by physical surveillance and other investigative techniques.

4. This affidavit contains information necessary to support probable cause. The information contained in this affidavit is not intended to include each and every fact and matter observed by me or known to the government.

## PROBABLE CAUSE

5. On or about June 19, 2019, your affiant utilized a CI to conduct a controlled purchase of heroin from Roger Lee WIGGINS. The CI communicated with WIGGINS through a series of text message communications to arrange the purchase of heroin from WIGGINS. The CI was provided with a quantity of governmental funds for the purchase. The CI was equipped with audio/video recording and transmitting devices(s) (electronic surveillance equipment) for the duration of the controlled purchase

6. After arranging the purchase the CI continued communication with WIGGINS and the CI met with WIGGINS inside of 2107 North Avenue in Richmond, VA, to purchase a quantity of a suspected mixture or substance containing heroin. The CI was searched before and after the controlled purchase for illegal contraband with negative results.

7. During the controlled purchase, the electronic surveillance equipment showed WIGGINS with a clear plastic sandwich baggie in his hands and also what appeared to be a yellow and red box of plastic sandwich baggies. A black square/rectangular object consistent with the appearance of digital scales were in close proximity to WIGGINS on a table. After the controlled purchase, the CI reported to law enforcement that WIGGINS was "mixing dope up" in the CI's presence.

8. The CI turned the suspected heroin over to law enforcement. The purchased suspected heroin was field tested using a Tru Narc machine. The third attempted field test using the Tru Narc machine showed a positive result for heroin.

## CONCLUSION

9. Based upon the foregoing, I believe probable cause exists that on or about June 19, 2019, in the Eastern District of Virginia, and within the jurisdiction of this Court, Roger Lee WIGGINS did distribute a mixture and substance containing heroin, a controlled substance in violation of Title 21, United States Code, Section 841(a)(1).

Anthony Brock Newton, Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed and sworn to before me this 16th day of July 2019.

/S/
David J. Novak
United States Magistrate Judge

The Honorable David J. Novak
United States Magistrate Judge